UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

SERGIO IVAN BLAS

No. 21 CR 683

Judge Matthew F. Kennelly

## GOVERNMENT'S SENTENCING MEMORANDUM

For the reasons that follow, the government believes a sentence of 135 months' imprisonment would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.

## I. Preliminary Advisory Sentencing Guidelines Calculation

The government agrees with the criminal-history and offense-level calculations set forth in the Presentence Investigation Report submitted by the United States Probation Office. The defendant's total offense level is 33 and his criminal history category is I, resulting in an advisory Guidelines range of 135 to 168 months' imprisonment. A 60-month mandatory minimum sentence applies to the count of conviction.

Defendant asks the Court to apply a 2-level minor-role reduction, which would also result in a 3-level reduction under § 2D1.1(a)(5), a 2-level reduction under § 2D1.1(b)(18), and would allow the Court to sentence defendant without regard to any mandatory minimum.[1] The government does not believe a minor-role reduction

---

[1] Under this view, the total offense level would be 24 and result in a range of 51-63 months.

is appropriate—and agrees that a 2-level increase is called for—because defendant recruited Rodrigo Jimenez-Perez and supervised and directed him on the day of the drug seizure. This is evident from the Facebook Messenger communications between the two, which are set forth at paragraph 28 of the attached Criminal Complaint filed against defendant in 21 CR 684.

## II.    The Defendant Should Receive a Sentence of 135 months in Prison

A sentence of 135 months' imprisonment is sufficient, but not greater than necessary, to comply with the principles set forth in 18 U.S.C. § 3553(a).

### A.    Nature and Circumstances of the Offense

In summary, in or around 2021, defendant agreed to pick up bulk cash in Indiana and other locations in the Midwest, count the money, and transfer it to other individuals, on behalf of and on instructions from Individual A. Defendant came to believe the cash constituted proceeds from the sale of drugs. In addition, defendant occasionally picked up packages for Individual A, which defendant did not open. He believed these packages contained marijuana based on the smell and the fact that he was not asked to count any money in conjunction with picking up, storing, and transferring these packages to others. In the course of his work with and for Individual A, defendant picked up at least approximately $5,201,720 in drug proceeds to/from locations throughout the Midwest, including Dayton and Cincinnati, Ohio, and Indianapolis and Carmel, Indiana.  Sometime prior to November 3, 2021,

defendant recruited Rodrigo Jimenez-Perez—his coworker at a restaurant—to help with some of these runs for Individual A.

On or about November 3, 2021, Individual A asked defendant to conduct a pickup in Chicago. Defendant was busy, so he offered the opportunity to Jimenez-Perez, who accepted it. As defendant received information about the pickup, including regarding the location and timing, he shared that information with Jimenez-Perez by Facebook Messenger. Defendant gave directions to Jimenez-Perez and kept track of his progress.

Defendant could reasonably foresee that Jimenez-Perez picked up a controlled substance in Chicago on November 3, 2021, and Jimenez-Perez did in fact receive approximately 80 kilograms of cocaine from codefendant Sebastian Vazquez-Gamez during that pickup.

## B. History and Characteristics of Defendant

Defendant comes from a poor family with a history of physical abuse. This serves as some mitigation.

In aggravation, Blas was previously removed from the United States and committed this offense after having apparently re-entered the country without permission.

### C. Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence

This is a serious offense and one in which defendant played more than a low-level role. Defendant's sentence should reflect that.

## III. Government's Proposed Terms of Supervised Release

Consistent with the Seventh Circuit's guidance in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), the government recommends the imposition of a term of supervised release of four years. In order to promote the sentencing objectives of deterring recidivism, protecting the public, and assisting in the defendant's rehabilitation and reintegration into society, the government recommends that the four-year term of supervised release include the conditions set forth below:

### A. Mandatory Conditions

The following mandatory conditions would serve to afford adequate deterrence to criminal conduct, protect the public, and assist in defendant's rehabilitation:

- Not commit another federal, state or local offense;

- Not unlawfully possess a controlled substance;

- Submit to the collection of a DNA sample from the defendant at the direction of the U.S. Probation Office if the collection of such a sample is authorized pursuant to 42 U.S.C. § 14135a(a); and

- Refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least

two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release.

## B. Discretionary Conditions of Supervision

The following conditions would serve to facilitate supervision by the probation officer, thus assisting in encouraging the defendant's compliance with the law and deterring the defendant from future crimes:

- Remain within the jurisdiction where the defendant is being supervised, unless granted permission to leave by the court or a probation officer (Discretionary Condition #14);

- Report to the probation office in the federal judicial district to which you are released within 72 hours of your release from imprisonment, and thereafter report to a probation officer at reasonable times as directed by the court or a probation officer. (Discretionary Condition #15);

- Permit the probation officer to visit the defendant at home, work, at school, at a community service location, or other reasonable location specified by a probation officer, at any reasonable time, and to confiscate any contraband in plain view of the officer (Discretionary Condition #16);

- Notify a probation officer promptly, within 72 hours, of any change in residence, employer, or workplace and, absent constitutional or other

legal privilege, answer inquiries by a probation officer (Discretionary Condition #17);

- Notify a probation officer within 72 hours of being arrested or questioned by a law enforcement officer (Discretionary Condition #18);

- Be surrendered to a duly authorized official of the Homeland Security Department for a determination on the issue of deportability by the appropriate authority in accordance with the laws under the Immigration and Nationality Act and the established implementing regulations. If ordered deported, you shall not reenter the United States without obtaining, in advance, the express written consent of the Attorney General or the Secretary of the Department of Homeland Security (Discretionary Condition #21);

- Submit your person, property, house, residence, vehicle, papers [computers (as defined in 18 U.S.C. 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched

contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner (Discretionary Condition #23).

- Not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court (Special Condition #11).

The following conditions would support the defendant's rehabilitation and reintegration into the community and would help ensure that the defendant is engaged in lawful pursuits:

- Provide financial support to any dependent if financially able to do so (Discretionary Condition #1);

- Refrain from excessive use of alcohol, and from any use of a narcotics drug (Discretionary Condition #7);

- Refrain from possessing a firearm, destructive device, or other dangerous weapon (Discretionary Condition #8);

## IV.    Conclusion

For the foregoing reasons, the government requests that the Court sentence
Sergio Ivan Blas to 135 months' imprisonment.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:    /s/ *Andrew C. Erskine*
ANDREW C. ERSKINE
Assistant U.S. Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-1875

Dated: December 30, 2022

8